# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

CHARLES EDWARD COOLEY, JR.,  :
AIS 230863,

                             :

       Petitioner,

                             :

vs.                           CA 14-0135-CG-C

                             :

CHERYL PRICE,

                             :

       Respondent.[1]

## REPORT AND RECOMMENDATION

Charles Edward Cooley, Jr., a state prisoner presently in the custody of respondent Cheryl Price, has petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254. Cooley is challenging the 2009 revocation of his probation on underlying 2003 guilty-plea convictions to first-degree robbery and second-degree assault. Because of the somewhat convoluted history that followed on the heels of the revocation of Cooley's probation, the Court eschews any attempt to summarize those facts in this section of the opinion.

In his petition before this Court, which was initially filed in the United States District Court for the Middle District of Alabama on or about January 8, 2014 (*see* Doc. 12, at 1), Cooley raises the following issues which he claims entitle him to federal

---

[1]     With his most recent pleading, petitioner recognizes that the only proper respondent in this case is Cheryl Price (*see* Doc. 25), the warden of the prison facility in which he is presently confined. *See Rumsfeld v. Padilla*, 542 U.S. 426, 439-440, 124 S.Ct. 2711, 2720, 159 L.Ed.2d 513 (2004) (finding the proper respondent in a habeas corpus case to be the petitioner's immediate physical custodian, that is, the warden of the facility in which the petitioner is incarcerated at the time he files the habeas petition). Luther Strange, the Attorney General of the State of Alabama, as petitioner now recognizes (Doc. 25), is not a proper respondent. *See id.*

habeas corpus relief: (1) the trial court failed to issue a written order of probation and, therefore, his probation could not be revoked; and (2) the trial court was without authority to revoke his probation on June 25, 2009 because a written order of probation was never entered. (*See* Doc. 12, at 8 & 16.)[2]

This cause is before the Court on the petition with attachments (*see* Doc. 12, at 3-44), respondent's answer with attachments (*see* Doc. 20), and petitioner's response to the answer (Doc. 25). A careful review of the record has been completed and it is determined that it contains sufficient facts upon which the sole issue under consideration may be properly resolved. Therefore, no evidentiary hearing is required. *Compare Means v. Secretary, Department of Corrections*, 433 Fed.Appx. 852, 855 (11th Cir. July 12, 2011) ("[W]here 'the record refutes [a petitioner's] factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing.'") (citation omitted)), *cert. denied,* _____ U.S. _____, 132 S.Ct. 1580, 182 L.Ed.2d 198 (2012) *with Allen v. Secretary, Florida Dep't of Corrections,* 611 F.3d 740, 745 (11th Cir. 2010) ("A district court is not required to hold an evidentiary hearing if the claims 'are merely conclusory allegations unsupported by specifics,' . . . or 'if the record refutes the applicant's factual allegations or otherwise precludes habeas relief[.]'"), *cert. denied,* _____ U.S. _____, 131 S.Ct. 2898, 179 L.Ed.2d 1192 (2011).

## FINDINGS OF FACT

On August 20, 2003, Cooley entered counseled guilty pleas to first-degree robbery and second-degree assault in the Circuit Court of Mobile County, Alabama. (Doc. 20,

---

[2]     Of course, these are but different statements of the same claim; therefore, Cooley raises but one claim before this Court.

Exhibit A.) Petitioner was sentenced to concurrent terms of twenty years for robbery and

ten years for assault. (*Id.*) "The circuit court subsequently suspended the sentences and

ordered Cooley to serve three years in confinement, followed by five years on probation."

(Doc. 20, Exhibit J, at 1.) On June 25, 2009, Cooley's probation was fully revoked in both

his robbery and assault cases and he was ordered to serve the remainder of those

sentences (that is, the remainder of his 20-year robbery term and 10-year assault term)

concurrently (Doc. 20, Exhibit B[3]); in addition, however, those sentences were ordered to

run consecutive to the life terms of imprisonment petitioner received with respect to two

additional crimes for which he was convicted following a jury trial in May of 2009

(*compare id. with* Doc. 20, at 1 n.1).

The Alabama Court of Criminal Appeals affirmed the revocation of Cooley's

probation on January 22, 2010, in an unpublished memorandum opinion issued on

rehearing. *See Cooley v. State*, 75 So.3d 1229 (Ala.Crim.App. Jan. 22, 2010) (table).[4]

---

[3]     The trial court entered identical docket entries on June 25, 2009, with respect to
the revocation of Cooley's probation, as follows:

> On February 27, 2008, this Court heard testimony and withheld ruling
> until today. After hearing the testimony on February 27, 2008, from Defendant's
> Probation Officer, **REGINALD TATE**; Napoleon Jones, and Donald Bernody,
> victims in the revocation of this case; and Cpl. Vincent Naye, the Detective in this
> case—**AND**—after reviewing the supplemental delinquency report filed on
> November 13, 2007—the State's Motion to Revoke Probation—**GRANTED**. This
> Court is reasonably satisfied that a violation has occurred based upon the
> evidence presented during testimony in this case and evidence taken at trial in
> Case No. CC2008-1199 and CC2008-1200, where Defendant was found guilty and
> sentenced to life in both cases. It is therefore ordered that Defendant's sentence
> be fully revoked[.]

(Doc. 20, Exhibit B, at 1 & 2.)

[4]     In issuing this memorandum opinion on rehearing, the Alabama Court of

On appeal, Cooley argues that because the circuit court failed to issue a written order of probation, his probation cannot be revoked. Specifically, he contends that the circuit court did not have the authority to revoke his probation because the circuit judge did not sign the original order of probation. Cooley, however, did not first present this argument to the circuit court. Therefore, he did not preserve this issue for appellate review. See Harris v. State, 563 So.2d 9, 11 (Ala. Crim. App. 1989) (defendant must first obtain an adverse ruling in order to preserve an issue for appellate review); Jordan v. State, 574 So.2d 1024, 1025 (Ala. Crim. App. 1990) (claim was not preserved for appellate review where defendant did not first present his argument to the trial court). Therefore, Cooley is not entitled to relief on this ground.

Moreover, even if this court assumes that Cooley's argument was properly preserved, it is still without merit. Rule 27.1, Ala.R.Crim.P., provides, in pertinent part:

> All conditions of probation must be incorporated into a court's written order of probation, and a copy thereof must be given to the probationer.

The Committee Comments to Rule 27.1, Ala.R.Crim.P., provide, in pertinent part:

> Rule 27.1 is designed to reinforce the probationer's understanding of this new status and the expectations of the court. Conditions imposed on the probationer should reflect the correctional as opposed to the punishment goals of probation. Providing the probationer with both a written copy of imposed conditions and regulations and an explanation thereof aids in the reinforcement of the probationer's understanding of probation. The rule should alleviate the court's and the probation officer's supervisory burden by eliminating some unnecessary violations caused by probationer's lack of understanding.

Finally, Rule 27.6(e), Ala.R.Crim.P., provides, in pertinent part:

> Probation shall not be revoked for violation of a condition or regulation if the probationer had not received a written copy

---

Criminal Appeals withdrew its memorandum opinion dated December 4, 2009, substituted the opinion dated January 22, 2010, and overruled Cooley's application for rehearing. (Doc. 20, Exhibit C, at 4.)

of the condition or regulation.

During the revocation hearing, Cooley's probation officer testified that Cooley reported to his office on July 12, 2005 where he advised Cooley of the rules and regulations of probation and signed the order of probation form. (R. 60-63). During the revocation proceedings, the State introduced a copy of the order of probation into evidence. Although the order of probation was not signed by the circuit judge, it was signed by Cooley's probation officer and by Cooley. Further, the order indicates that Cooley received a copy of the order. Because the record indicates that Cooley received a written copy of the conditions of probation and that he had an understanding of those conditions, the order of probation and revocation proceedings satisfied the intent and purpose of Rules 27.1 and 27.6(e), Ala.R.Crim.P. Therefore, the fact that the circuit judge had not signed the order of probation did not deprive the circuit court of the authority to revoke his probation.

Finally, Cooley's probation was revoked, in part, due to the fact that he committed new offenses, i.e., attempted murder and second-degree assault. (C.R. 19, 36, 48). "A condition implicit in every probationary sentence is that the defendant, 'while under such sentence, will not commit another criminal offense.'" Pettway v. State, 628 So.2d 1066, 1067 (Ala.Crim.App. 1993) (quoting Wilcox v. State, 395 So.2d 1054, 1056 (Ala. 1981)). Because Cooley's probation was revoked due to his commission of new offenses, he "cannot be heard to complain that [he] was not 'notified' of this particular condition of [his] probation." Pettway, 628 So.2d at 1067. Therefore, Cooley is not entitled to any relief.

Based on the foregoing, the circuit court's judgment is affirmed.

(Doc. 20, Exhibit C, at 2-4 (some internal quotation marks omitted).) As previously

indicated, Cooley's application for rehearing was denied, *Cooley v. State,* 75 So.3d 1229

(Ala.Crim.App. Jan. 22, 2010), as was his petition for writ of certiorari,[5] *Ex parte Cooley,*

83 So.3d 591 (Ala. May 7, 2010); a certificate of final judgment of affirmance was issued

that same date, May 7, 2010 (Doc. 20, Exhibit E).

Cooley filed a Rule 32 petition in the Circuit Court of Mobile County, Alabama on

_____

[5] In his counseled brief filed in support of the petition for writ of certiorari, citation was made solely to Alabama law. (Doc. 20, Exhibit D, at 1-14.)

December 29, 2010. (Doc. 20, Exhibit F.) Therein, Cooley raised three claims, one of which

he asserts in the instant petition, namely, that the trial court lacked subject matter

jurisdiction to revoke his probation since a written order of probation was not signed by

the sentencing judge; therefore, Cooley reasoned, the order of probation was never issued.

(*See id.* at 9-13.) In making this argument, Cooley relied solely on Alabama law. (*See id.*)

Because of the confusing history surrounding Cooley' Rule 32 petition, the undersigned

simply cites, in relevant measure, to the order entered by the Alabama Court of Criminal

Appeals on October 1, 2013:

> The record indicates that Cooley filed his first Rule 32 petition on or
> about December 29, 2010, challenging the above-mentioned guilty plea
> convictions, as well as the revocation of his probation in 2009. The circuit
> court initially treated his first petition as attacking only the 2009
> revocation of Cooley's probation, and summarily dismissed Cooley's first
> Rule 32 petition.[6] On appeal, this Court found that because Cooley's

---

[6]      The trial court's order of September 4, 2012, summarily dismissing Cooley's Rule
32 petition without an evidentiary hearing reads, in relevant part, as follows:

Petitioner [] alleges that the court was without jurisdiction to render the
judgment or impose the sentence. Petitioner claims that the sentence imposed
exceeds the maximum authorized by law, or is not authorized by law. . . .

    1.     Petitioner alleges the trial court did not have jurisdiction to revoke
           his probation on June 25, 20[09] because a written order of
           probation in the cases was never entered.

The Petitioner argues that the trial court could not revoke his probation
because the sentencing judge did not issue a written order of probation in these
cases. The law in Alabama is clear. "We hold, therefore, that where, as here,
Defendant commits a felony while under a probationary sentence, . . . and its
terms and conditions are not yet expressly prescribed, the sentencing court is
nevertheless authorized to revoke Defendant's probation for violation of a
condition implicit in every suspended or probationary sentence: that Defendant,
adjudged guilty and sentenced will not commit another criminal offense." *Croshon
v. State,* 966 So.2d 293, 294-295 (Ala.Crim.App. 2007), *citing Wilcox v. State,* 395
So.2d 1054 (Ala. 1981). The revocation of Petitioner's probation was proper
because, even though Petitioner claims he had not been given the express terms of
his probation, refraining from committing further criminal offenses is an implied

6

petition raised multiple claims challenging multiple judgments entered in separate proceedings, the circuit court should have dismissed Cooley's first petition without prejudice pursuant to Rule 32.1(f), Ala.R.Crim.P. Consequently, on January 11, 2013, this Court reversed the trial court's summary dismissal and remanded the case to the circuit court, ordering the circuit court to dismiss Cooley's petition without prejudice. On April 8, 2013, the circuit court issued an order dismissing Cooley's petition without prejudice pursuant to this Court's directive.

However, before the circuit court issued its order of April 8, 2013, dismissing Cooley's first Rule 32 petition, Cooley filed a second petition on or about February 26, 2013, claiming that the circuit court lacked jurisdiction to impose his sentence because the sentencing judge failed to sign his order of probation. On or about March 28, 2013, Cooley also filed a third Rule 32 petition, alleging substantially the same grounds that he raised in his second Rule 32 petition.

In the present case, it appears that Cooley is challenging the denial of his second and third Rule 32 petitions on appeal. However, our review of the record indicates that the circuit court has not yet entered a

---

condition of every probationary sentence. "A condition of a suspended sentence that a person may not commit a felony is so basic and fundamental that any reasonable person would be aware of such condition." *Wilcox v. State*, 395 So.2d 1054 (Ala. 1981) . . . . Petitioner has failed to raise a material issue of fact or law that would entitle him to relief. R. 32.7(d), *Ala.R.Crim.P.*

> 2.     Petitioner alleges the trial court did not have jurisdiction to revoke his probation in the cases on June 25, 20[09] because a written order stating the reasons for revoking probation and evidence relied upon were not entered.

This claim was specifically raised on appeal to the Alabama Court of Criminal Appeals. The court[']s judgment was affirmed and is now precluded by R. 32.2(a)(4), *Ala.R.Crim.P.* The record indicates that during the hearing Napoleon Jones testified that Petitioner shot Jones in the head as Jones was handing Petitioner a cigarette (R. 15, C.R. 68). Donald Bernody testified that Petitioner shot him in the stomach as Petitioner was shooting into a crowd. (R. 26-27, C.R. 79-[8]0). The court fully revoked Petitioner based specifically on the testimony of Mr. Bernody and Mr. Jones. (C.R. 95-96). Based on the record, the findings satisfy the requirements set [] forth in R. 27.6(f), *Ala.R.Crim.P. See McCoo v. State*, 921 So.2d 450 (Ala. 2005) and *Ex parte Garlington*, 998 So.2d 458 (Ala. 2008). Petitioner has failed to raise a material issue of fact or law that would entitle him to relief. R. 32.7(d), *Ala.R.Crim.P.*

(Doc. 20, Exhibit G, at 3-4.)

judgment on Cooley's second or third petition. Rather, it appears that when the circuit court issued its order on April 8, 2013, dismissing Cooley's first Rule 32 petition in case numbers CC-02-1508.60 and CC-02-1509.60, (C. 86.), a clerical error caused the order to be inadvertently placed in the case file for the second and third Rule 32 petitions under case numbers CC-02-1508.61 and CC-02-1509.61. . . . The clerical error then appears to have led to a docketing error indicating a dismissal of Cooley's second and third Rule 32 petitions. The record does not indicate a response from the State or an order from the circuit court dismissing either of Cooley's petitions that were filed on February 26, 2013, or March 28, 2013. Accordingly, it appears that there has been no final judgment from which the appellant may properly proceed to this Court. . . . Therefore, this appeal is due to be dismissed.

APPEAL DISMISSED.

(Doc. 29, Exhibit J, at 1-2.) Cooley's application for rehearing was overruled on October 18, 2013 (*see* Doc. 12, at 25) and his petition for writ of certiorari was denied without written opinion on December 6, 2013 (*compare id.* at 29 *with* Doc. 20, Exhibit K). On that same date, December 6, 2013, a certificate of final judgment of affirmance was entered. (*Compare* Doc. 20, Exhibit K *with* Doc. 12, at 30 (certificate of judgment entered by the Alabama Court of Criminal Appeals on December 6, 2013, based on the judgment entered on October 1, 2013, dismissing Cooley's appeal).) Cooley then filed the instant federal habeas corpus petition in the Middle District of Alabama on or about January 8, 2014 (*see* Doc. 12, at 1); that court transferred the matter to this Court on March 20, 2014 and all transferred pleadings were docketed on March 21, 2014 (*see* Doc. 12, at 1 & 2).

## CONCLUSIONS OF LAW

A.      **Procedural Default Doctrine**.

In *Coleman v. Thompson*, 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991), the Supreme Court stated that it would "not review a question of federal law decided by a

state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Id.* at 729, 111 S.Ct. at 2553-2554. This rule applies whether the state law ground is procedural or substantive. *Id.* at 729, 111 S.Ct. at 2554. The doctrine applies to bar federal habeas review when a state court declines to address a petitioner's federal claims because the petitioner fails to meet a state procedural requirement. *Id.* at 729-730, 111 S.Ct. at 2554; *see also Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977) (federal courts must honor legitimate state trial and appellate procedural rules when enforced by state courts and must decline to review on the merits claims that the state treats as barred absent a showing of cause for non-compliance with such rules and resulting prejudice); *Alderman v. Zant*, 22 F.3d 1541, 1549 (11th Cir.) ("Pursuant to the doctrine of procedural default, a state prisoner seeking federal habeas corpus relief, who fails to raise his federal constitution[al] claim in state court, or who attempts to raise it in a manner not permitted by state procedural rules is barred from pursuing the same claim in federal court absent a showing of cause for and actual prejudice from the default."), *cert. denied*, 513 U.S. 1061, 115 S.Ct. 673, 130 L.Ed.2d 606 (1994). "In these cases, the state judgment rests on independent and adequate state procedural grounds." *Coleman*, 501 U.S. at 730, 111 S.Ct. at 2554 (citations omitted).

The application of the independent and adequate state ground doctrine in the habeas context is grounded in concerns of federalism and comity. *Id.*

> Without the rule, a federal district court would be able to do in habeas what this Court could not do on direct review; habeas would offer state prisoners whose custody was supported by independent and adequate state grounds an end run around the limits of this Court's jurisdiction and

a means to undermine the State's interest in enforcing its laws.

*Id.* at 730-731, 111 S.Ct. at 2554.

An additional consideration comes to the fore when the independent and adequate state ground supporting a petitioner's custody is a state procedural default. *Id*. at 731, 111 S.Ct. at 2554.    The Supreme Court has long held

> that a state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims. (citations omitted) This exhaustion requirement is also grounded in principles of comity; in a federal system, the States should have the opportunity to address and correct alleged violations of state prisoners' federal rights.
>
> .    .    .
>
> [A] habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance. A habeas petitioner who has defaulted his federal claims in state court meets the technical requirement for exhaustion; there are no state remedies any longer "available" to him.   (citations omitted) In the absence of the independent and adequate state ground doctrine in federal habeas, habeas petitioners would be able to avoid the exhaustion requirement by defaulting their federal claims in state court. The independent and adequate state ground doctrine ensures that the States' interest in correcting their own mistakes is respected in all federal habeas cases.

*Id.* at 731, 732, 111 S.Ct. at 2554-2555, 2555.

In the habeas context, federal courts are to "presume that there is no independent and adequate state ground for a state court decision when the decision 'fairly appears to rest primarily on federal law, or to be interwoven with the federal law, and when the adequacy and independence of any possible state law ground is not clear from the face of the opinion.'" *Id.* at 735, 111 S.Ct. at 2557 (quoting *Michigan v. Long*, 463 U.S. 1032, 1040-1041, 103 S.Ct. 3469, 3476-3477, 77 L.Ed.2d 1201 (1983)); *see Harris v. Reed*, 489 U.S.

255, 263, 109 S.Ct. 1038, 1043, 103 L.Ed.2d 308 (1989) ("[A] procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on a state procedural bar."). In all other cases, the presumption is not applicable. *See Coleman*, 501 U.S. at 739, 111 S.Ct. at 2559. In *Teague v. Lane*, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989), the Supreme Court held that the *Harris v. Reed* presumption is inapplicable to a claim that is never presented to the state courts. *Id*. at 299, 109 S.Ct. at 1069 ("The rule announced in *Harris v. Reed* assumes that a state court has had the opportunity to address a claim that is later raised in a federal habeas proceeding."). Moreover, the presumption "looks through" unexplained orders to the last reasoned decision. *Ylst v. Nunnemaker*, 501 U.S. 797, 804, 111 S.Ct. 2590, 2595, 115 L.Ed.2d 706 (1991).

> Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground.  If an earlier opinion "fairly appear[s] to rest primarily upon federal law," *Coleman*,[___ U.S., at ___, 111 S.Ct., at 2559], we will presume that no procedural default has been invoked by a subsequent unexplained order that leaves the judgment or its consequences in place.   Similarly where . . . the last reasoned opinion on the claim explicitly imposes a procedural default, we will presume that a later decision rejecting the claim did not silently disregard that bar and consider the merits.

501 U.S. at 803, 111 S.Ct. at 2594. Also, the presumption may not be applied in cases in which the state court opinion did not, at a minimum, discuss the federal grounds at issue. *Tower v. Phillips*, 7 F.3d 206, 211 (11th Cir. 1993) ("*Coleman* and *Ylst* lead us to conclude that we may not assume that had the state court issued an opinion, it would have ignored its own procedural rules and reached the merits of this case. In fact, the

11

most reasonable assumption is that had the state court ruled, it would have enforced the procedural bar."). Finally, "where a state court has ruled in the alternative, addressing both the independent state procedural ground and the merits of the federal claim, the federal court should apply the state procedural bar and decline to reach the merits of the claim." *Alderman v. Zant, supra*, 22 F.3d at 1549.

When a petitioner has procedurally defaulted a claim, a federal court is barred from reaching the merits of that claim unless the petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim[] will result in a fundamental miscarriage of justice." *Coleman, supra*, 501 U.S. at 750, 111 S.Ct. at 2565. The cause and prejudice standard applies "uniformly to all independent and adequate state procedural defaults." *Id.* at 750-751, 111 S.Ct. at 2565.

> In procedural default cases, the cause standard requires the petitioner to show that some objective factor external to the defense impeded counsel's efforts to raise the claim in state court. Objective factors that constitute cause include interference by officials that makes compliance with the state's procedural rule impracticable, and a showing that the factual or legal basis for a claim was not reasonably available to counsel. In addition, constitutionally [i]neffective assistance of counsel is cause. Attorney error short of ineffective assistance of counsel, however, does not constitute cause and will not excuse a procedural default. Once the petitioner has established cause, he must show actual prejudice resulting from the errors of which he complains.

> Federal courts retain the authority to issue the writ of habeas corpus in a further, narrow class of cases despite a petitioner's failure to show cause for a procedural default. These are extraordinary instances when a constitutional violation probably has caused the conviction of one innocent of the crime. We have described this class of cases as implicating a fundamental miscarriage of justice.

*McCleskey v. Zant*, 499 U.S. 467, 493-494, 111 S.Ct. 1454, 1470, 113 L.Ed.2d 517 (1991)

(internal quotation marks and citations omitted).

In her answer, respondent asserts that petitioner's claim is procedurally defaulted due to Cooley's failure to first present his claim to the Circuit Court of Mobile County, Alabama before raising it on appeal. (*See* Doc. 20, at 7.) There is no question but that the Alabama Court of Criminal Appeals' first ground for denying Cooley's appeal of the revocation of his probation stemmed from petitioner's failure to present his claim—that the trial court lacked authority to revoke his probation since the order setting forth the conditions of probation was not signed by the trial judge—first to the Circuit Court of Mobile County, Alabama before raising it on appeal. (Doc. 20, Exhibit C, at 2 (citing cases).) It is just as clear that the Eleventh Circuit has "held that claims barred under Rule 32.2(a)(3)[7] . . . are procedurally defaulted from federal habeas review." *Boyd v. Commissioner, Alabama Dep't of Corrections,* 697 F.3d 1320, 1335 (11th Cir. 2012) (citations omitted; footnote added), *cert. denied,* _____U.S. _____, 133 S.Ct. 2857, 186 L.Ed.2d 914 (2013). Therefore, this Court is procedurally barred from reaching the merits of this claim unless petitioner can establish that either the cause and prejudice or fundamental miscarriage of justice exception is applicable to his case. *Coleman, supra,* 501 U.S. at 750, 111 S.Ct. at 2565.

In response to the answer, petitioner admits a default occurred (Doc. 25, at 6) but contends that his initial defense attorney, Pete Vallas, failed "to make a diligent effort on April 2, 2003, [to] protect[] [his] constitutional rights." (*Id.* at 7.) Cooley's conclusory arguments against Vallas fail to hit the mark, however, inasmuch as it is apparent that

---

[7] "A petitioner will not be given relief under this rule based upon any ground . . . [w]hich could have been but was not raised at trial[.]" Ala.R.Crim.P. 32.2(a)(3).

the default referenced by the Alabama Court of Criminal Appeals in its January 22, 2010 memorandum opinion occurred in 2009 when the petitioner's probation was revoked (*see* Doc. 20, Exhibit C, at 1-2), well after Vallas' representation of Cooley ended. Therefore, Vallas' alleged ineffective assistance simply does not establish cause for Cooley's procedural default of the claim he seeks to raise in this Court.

The fundamental miscarriage of justice/actual innocence exception does not apply in this case because petitioner has not satisfied the standard set forth in *Murray v. Carrier*, 477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). That standard requires Cooley to show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Id.* at 496, 106 S.Ct. at 2649-2650. To be credible, a claim of actual innocence "requires petitioner to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup v. Delo,* 513 U.S. 298, 324, 115 S.Ct. 851, 865, 130 L.Ed.2d 808 (1995); *see also id.* at 327, 115 S.Ct. at 867 ("To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence."). Cooley has not come forward with any new reliable evidence (*see* Doc. 25, at 8 (petitioner merely cites the crimes he pled guilty to on August 20, 2003 but fails to state reasons why he is actually innocent of those crimes)) that establishes his actual innocence of first-degree robbery or second-degree assault, the crimes for which he was convicted in the Circuit Court of

Mobile County, Alabama on August 20, 2003.[8] Accordingly, this case is not one of those rare cases in which the actual innocence exception is applicable.

**B.** **State Law Claim Analysis Combined With Merits Review of Claim Raised by Cooley**.

In accordance with the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a petitioner is entitled to habeas corpus relief "on any claim adjudicated on the merits in state court if that adjudication resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." *Cox v. McNeil,* 638 F.3d 1356, 1360 (11th Cir.) (citing 28 U.S.C. § 2254(d)(1)), *cert. denied,* _____ U.S.____, 132 S.Ct. 309, 181 L.Ed.2d 189 (2011); *see also Jones v. Secretary, Department of Corrections,* 644 F.3d 1206, 1209 (11th Cir.) ("[U]nder AEDPA, a federal court may not grant habeas relief on a claim that has been considered and rejected by a state court unless it is shown that the state court's decision was 'contrary to' federal law then clearly established in the holdings of the United States Supreme Court, 28 U.S.C. § 2254(d)(1); *Williams v. Taylor,* 529 U.S. 362, 120 S.Ct. 1495, 1523, 146 L.Ed.2d 389 (2000); or that it 'involved an unreasonable application' of such law, § 2254(d)(1); or that it was 'based on an unreasonable determination of the facts' in the light of the record before the court, § 2254(d)(2)."[9]), *cert. denied,* _____ U.S. _____, 132 S.Ct. 590, 181 L.Ed.2d 433 (2011).[10]

---

[8] Nor, for that matter, has Cooley come forward with any new reliable evidence that establishes his actual innocence of attempted murder or first-degree assault, the crimes that served as the basis for the revocation of his probation.

[9] As amended, § 2254 now provides:

Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by th[e Supreme] Court on a question of law or if the state court decides a case differently than th[e Supreme] Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from th[e Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams v. Taylor*, 529 U.S. 362, 412-413, 120 S.Ct. 1495, 1523, 146 L.Ed.2d 389 (2000); *see*

*Bottoson v. Moore*, 234 F.3d 526, 531 (11th Cir. 2000) ("In addition, a state court decision

involves an unreasonable application of Supreme Court precedent 'if the state court

either unreasonably extends a legal principle from [Supreme Court] precedent to a new

context where it should not apply or unreasonably refuses to extend that principle to a

new context where it should apply.'"), *cert. denied*, 534 U.S. 956, 122 S.Ct. 357, 151

L.Ed.2d 270 (2001).

"A state court decision is contrary to clearly established federal law if it applies a rule that contradicts the governing law set forth in Supreme

---

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1) & (2).

¹⁰ The Act presumes as correct all determinations of factual issues made by a State court and places the burden upon the petitioner of rebutting such a presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e).

Court cases or confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to the Court's." *Windom v. Sec'y, Dep't of Corr.,* 578 F.3d 1227, 1247 (11th Cir. 2009) . . . . A state court decision involves an unreasonable application of federal law when "it identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case. An unreasonable application may also occur if a state court unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context." *Putnam v. Head,* 268 F.3d 1223, 1241 (11th Cir. 2001) . . . . The statutory phrase "clearly established Federal law" "refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." *Williams v. Taylor,* 529 U.S. 362, 412, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).

*Spencer v. Secretary, Dep't of Corrections,* 609 F.3d 1170, 1177-1178 (11th Cir. 2010), *cert. denied,* _____ U.S. _____, 131 S.Ct. 1049, 178 L.Ed.2d 869 (2011).

The initial problem with the instant federal habeas petition is that Cooley at no time indicated in the state courts of Alabama (or even here, other than in a broad and conclusory manner) that his challenge to the revocation of his probation was based on federal law as set forth in Supreme Court cases.[11] Instead, Cooley consistently couched

---

[11]    As a result of petitioner's failure to couch his challenge to the revocation of probation as a federal constitutional claim in the state courts of Alabama, he has failed to exhaust his alleged federal constitutional claim. *Compare Duncan v. Henry,* 513 U.S. 364, 365, 115 S.Ct. 887, 888, 130 L.Ed.2d 865 (1995) ("[E]xhaustion of state remedies requires that petitioners fairly present federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights[.]" (internal quotation marks and brackets mitted)) *with McNair v. Campbell,* 416 F.3d 1291, 1303-1304 (11th Cir. 2005) ("McNair's references to federal law in his state habeas proceedings are exactly the type of needles in the haystack that we have previously held are insufficient to satisfy the exhaustion requirement. McNair never cited any United States Supreme Court or federal appellate court case dealing with extraneous evidence, nor did he mention the presumption of prejudice that arises under federal law when jurors consider such evidence. Instead, he relied on state law opinions to argue a state law claim under a state law standard, citing a lone federal district court opinion (which itself did not mention the federal presumption of prejudice) only as part of a string citation illustrating various courts' holdings with respect to extraneous evidence in the jury room. A careful review of the record makes it clear that McNair did not fairly present his federal constitutional claim to the state court, He therefore failed to exhaust his state court

his claim as a state-law issue (*compare, e.g.,* Doc. 20, Exhibit D, at 10-13 (brief filed in support of petition for writ of certiorari cites solely to Alabama case law and rules) *with* Doc. 20, Exhibit F, at 10-13 (petitioner's brief in support of his Rule 32 petition cites solely to Alabama law)) and Alabama's courts treated Cooley's claim as a state-law claim, citing solely to Alabama case law and Rules 27.1 and 27.6 of the Alabama Rules of Criminal Procedure (*compare* Doc. 20, Exhibit C, at 2-3 *with* Doc. 20, Exhibit G, at 3-4). Accordingly, Cooley's claim is not cognizable on federal habeas corpus review, *compare Carrizales v. Wainwright,* 699 F.2d 1053, 1054-1055 (11th Cir. 1983) ("Questions of pure state law do not raise issues of constitutional dimension for federal habeas corpus purposes.") *with Rodak v. Secretary, Dept. of Corrections,* 2013 WL 4780132, *6 (N.D. Fla. Sept. 5, 2013) ("A habeas petition grounded on issues of state law provides

---

remedies and is procedurally barred from raising his non-exhausted federal claim in his federal habeas petition." (internal citation and footnote omitted)), *cert. denied,* 547 U.S. 1073, 126 S.Ct. 1828, 164 L.Ed.2d 522 (2006), and *Zeigler v. Crosby,* 345 F.3d 1300, 1307 (11th Cir. 2003) ("To present a federal constitutional claim properly in state court, the petitioner must make the state court aware that the claims asserted present federal constitutional issues. . . . To exhaust state remedies, petitioners must do more than present the state courts only with the facts necessary to state a claim for relief and must additionally articulate the constitutional theory serving as the basis for relief. . . . We agree with the district court that the incorporation by reference in the direct appeal was insufficient to raise these specific federal claims in state court. Neither the direct appeal, nor the response to the state's objections to the motion to interview jurors, made reference to the federal constitutional issues raised here. None of the cases cited in either the direct appeal or the incorporated documents discussed the Federal Constitution. The district court did not err in concluding that these claims were procedurally defaulted." (internal quotation marks and brackets omitted)), *cert. denied,* 543 U.S. 842, 125 S.Ct. 280, 160 L.Ed.2d 67 (2004). Cooley's failure to exhaust his alleged federal due process claim works a procedural default because it is apparent that the Alabama courts would refuse to hear the claim. *See, e.g., Snowden v. Singletary,* 135 F.3d 732, 736 (11th Cir.) ("[W]hen it is obvious that the unexhausted claims would be procedurally barred in state court due to state-law procedural default, we can forego the needless 'judicial ping-pong' and just treat those claims now barred by state law as no basis for federal habeas relief."), *cert. denied,* 525 U.S. 963, 119 S.Ct. 405, 142 L.Ed.2d 329 (1990). Again, as referenced earlier, because Cooley has made none of the requisite showings to excuse his default, the procedural default doctrine bars federal habeas review of the sole ground of his federal petition.

no basis for habeas relief, as a violation of a state statute or rule of procedure is not, in itself, a violation of the federal constitution. . . . A federal writ of habeas corpus is only available in cases of federal constitutional error."); *see Denson v. Buss,* 2013 WL 5234434, *8 (N.D. Fla. Sept. 17, 2013) ("A state court's jurisdiction to convict and sentence a defendant [in connection with the revocation of his probation] is a quintessential state law matter this Court cannot review in a federal collateral proceeding."), as his conclusory intonation of federal due process in his federal petition (*see* Doc. 12, at 16 ("Cooley has shown unto this Court that his Fifth, Sixth, and Fourteenth Amendment rights to due process of law was violated from the facts[.]")) does not convert his decidedly state-law claim into one of constitutional dimension, *see, e.g., Denson, supra,* at *6 ("'This limitation on federal habeas review is of equal force when a petition, which actually involves state law issues, is couched in terms of equal protection and due process.'" (quoting *Branan v. Booth,* 861 F.2d 1507, 1508 (11th Cir. 1988)).

Even if this Court was to ignore Cooley's procedural default(s) of his claim and ignore the decidedly state-law nature of the claim, petitioner is entitled to no relief because his claim has no merit. The Alabama Court of Criminal Appeals determined on direct review of Cooley's probation revocation that "the fact that the circuit judge had not signed the order of probation did not deprive the circuit court of the authority to revoke his probation[,]"—since Cooley signed (and received) a copy of the order of probation—and, further, Cooley was not entitled to any relief since "[a] condition implicit in every probationary sentence is that the defendant, while under sentence, will not commit a criminal offense[,]" and his probation was revoked because of his

commission of two additional criminal offenses. (Doc. 20, Exhibit C, at 3 (internal quotation marks omitted).) Because Cooley has not cited to any Supreme Court precedent applicable to his claim (*compare* Doc. 12 *with* Doc. 25), he obviously cannot establish that the adjudication of this claim by the Alabama Court of Criminal Appeals was contrary to, or an unreasonable application of, clearly established federal law.[12] Accordingly, Cooley is not entitled to habeas relief on the basis of this claim.

    **C.**     <u>**Certificate of Appealability**</u>.

    Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the undersigned recommends that a certificate of appealability in this case be denied. 28 U.S.C. foll. § 2254, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2243(c)(2). Where, as here, a habeas petition is being denied primarily on procedural grounds without reaching the merits of the putative constitutional claim, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct

---

[12]      In addition, Cooley has done nothing to establish that the appellate court's decision constituted an unreasonable determination of the facts in light of the evidence presented.

in its procedural ruling[,]" *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542 (2000), but also (albeit begrudgingly) on the merits, such that a COA should issue only when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong[,]" *id.*; *see also id.* at 483-484, 120 S.Ct. at 1603-1604 ("To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"); *see Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029, 1039, 154 L.Ed.2d 931 (2003) ("Under the controlling standard, a petitioner must 'sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."'"). Inasmuch as petitioner has defaulted the claim he wishes this Court to address for several different reasons, as explained hereinabove, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Cooley should be allowed to proceed further regarding this claim, *Slack, supra*, 529 U.S. at 484, 120 S.Ct. at 1604 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."). In addition, it is recommended that the Court find that reasonable

21

jurists could not debate whether his § 2254 habeas petition should be resolved in a different manner or that the issue presented is adequate to deserve encouragement to proceed further.

Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation. *Brightwell v. Patterson*, CA 11-0165-WS-C, Doc. 14 (Eleventh Circuit order denying petitioner's motions for a COA and to appeal IFP in a case in which this Court set out the foregoing procedure); *see also Castrejon v. United States*, 2011 WL 3241817, *20 (S.D. Ala. Jun. 28, 2011) (providing for the same procedure), *report & recommendation adopted by* 2011 WL 3241580 (S.D. Ala. Jul. 29, 2011); *Griffin v. DeRosa*, 2010 WL 3943702, at *4 (N.D. Fla. Sept. 20, 2010) (providing for same procedure), *report & recommendation adopted sub nom. Griffin v. Butterworth*, 2010 WL 3943699 (N.D.Fla. Oct. 5, 2010).

## CONCLUSION

The Magistrate Judge is of the opinion that petitioner's rights were not violated in this cause and that his request for federal habeas corpus relief, pursuant to 28 U.S.C. § 2254 (*see* Doc. 12), should be **DISMISSED/DENIED**. Cooley is not entitled to a certificate of appealability and, therefore, he is not entitled to appeal in forma pauperis.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the

manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D.ALA. L.R. 72.4. The parties should note that under Eleventh Circuit precedent, "the failure to object limits the scope of [] appellate review to plain error review of the magistrate judge's *factual findings*." *Dupree v. Warden*, 715 F.3d 1295, 1300 (11th Cir. 2013) (emphasis in original). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

      **DONE** this the 1st day of October, 2014.

                    s/WILLIAM E. CASSADY
                    **UNITED STATES MAGISTRATE JUDGE**